29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONNECTICUT MUTUAL LIFE LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Harvey A. COHEN, Defendant-Appellant.
 No. 92-55443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 3, 1994.
Decided Aug. 1, 1994.
 MEMORANDUM*
 
 1
 Before: BRUNETTI, KOZINSKI, and BOGGS,** Circuit Judges.
 
 
 2
 Harvey Cohen applied for and received a disability insurance policy from the Connecticut Mutual Life Insurance Company. It is undisputed that the application contained several material misrepresentations of fact, primarily that it severely understated the amount of disability income coverage that Cohen already held. When Cohen attempted to recover under the policy, Connecticut Mutual filed suit to rescind the policy, and the district court granted summary judgment to Connecticut Mutual. Cohen appeals, claiming that Connecticut Mutual was estopped from seeking rescission because of the action of its agent, and claiming that Connecticut Mutual waived its rights by not investigating the possibility of misstatements in the application, based on clues contained in various materials available to it. Neither of these claims is persuasive, and we affirm the decision of the district court.
 
 
 3
 Taking all the facts in the record in the light most favorable to Cohen, the application was actually written by Connecticut Mutual's agent, Charles Rosenthal, based on his asking questions of Cohen in a face-to-face interview. However, Rosenthal did not specifically ask Cohen orally about other disability income insurance in force, but wrote down that Cohen's only disability policy (which was to be cancelled when the Connecticut Mutual policy was issued) was with Paul Revere Insurance Company. Cohen signed the application, affirming that he had read the application and that the statements in it were true.
 
 
 4
 While Connecticut Mutual was considering Cohen's application, an interviewer for Connecticut Mutual spoke to Cohen by telephone about a month later. The company records reflect that Cohen mentioned a policy with Prudential Insurance Company, but could not remember amounts or details. Cohen states that he may have told the interviewer that he had a policy with Prudential, when in fact the policy he had in mind was with Equitable Insurance Company. In fact, Cohen had disability income insurance policies in force with both Equitable and Cigna Insurance Companies, as well as Paul Revere.
 
 
 5
 Under California law, which controls in this diversity action, an insurer may be estopped from relying on incorrect information when the insured "in good faith and without fault and by reason of the fraud, mistake or negligence of a soliciting agent" gives "truthful answers" that are "omitted or incorrectly set forth...." Byrd v. Mutual Benefit Health and Accident Association, 73 Cal.App.2d 457, 462, 166 P.2d 901 (1946). Here, however, Cohen does not contend that he ever gave specifically truthful answers to this question, either to Rosenthal or to the telephone interviewer. In Rutherford v. Prudential Insurance Company, 234 Cal.App.2d 719, 726, 44 Cal.Rptr. 697, 701 (1965), a later case, the California Court of Appeals specifically stated that the rule "does not apply where the applicant receives a copy of his application unless some action by the agent prevents the applicant from reading the policy or leads the applicant to believe that the misstated or omitted answers are not material." Again, plaintiff does not even claim that he did not receive a copy of the policy, was prevented from reading the policy, or led to believe that the answers were not material. Although Cohen does contend that he was busy and distracted by patients during the two interviews in question, there is no law that such negligent inattention on the part of a claimant can excuse him from responsibility for the answers that he has given and the signature he has made.
 
 
 6
 Plaintiff's second contention, of waiver by Connecticut Mutual's failure to investigate a material discrepancy, has even less support. California Insurance Code, Section 336, does state that the insurer's right to information as to material facts "may be waived ... (b) by neglect to make inquiries ... where they are distinctly implied in other facts of which information is communicated." Here, however, even again taking plaintiff's position in the best light, the most that he can claim is that he inconsistently disclosed one out of his three policies on the application, while giving the name of a different company in a phone interview. There were no clues whatsoever as to the existence of the two additional valid policies, with Equitable and with Cigna.
 
 
 7
 The best case law for Cohen, DiPasqua v. California Western States Life Insurance Company, 106 Cal.App.2d 281, 235 P.2d 64 (1951), cannot stretch as far as is necessary to shield Cohen. There, the insurance company, by its own investigation, already had information as to the material falsity of representations, and made no effort to follow up or clarify such information. The court held that the company's apparent indifference to the discrepancy indicated that they had waived reliance on it. Here, at most, the insurance company had information that Cohen gave different company names as to a disability policy. Even conceding that this discrepancy as to the name of the company was waived, in that Connecticut Mutual was willing to insure Cohen without knowing the company by which he was already insured, the actual facts were that he had three policies, a condition that could obviously affect Connecticut Mutual's willingness to underwrite the risk. The undisclosed policies would potentially place him in a condition of being overinsured. Connecticut Mutual had no information that could lead to a waiver of reliance on those facts.
 
 
 8
 Thus, each of the two grounds on which plaintiff claims error in the district court's judgment are without merit, and the decision of the district court is therefore AFFIRMED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3